IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE H. FORD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC K. SHINSEKI, Secretary of Veterans Affairs,<br><br>　　　　　　Defendant. | Case No.: 1:10-cv-01384 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING COMPLAINT WITH PREJUDICE<br><br>ORDER DENYING MOTION TO ADD THE UNITED STATES OF AMERICA AS A DEFENDANT<br><br>(Docs. 1, 16) |

Proceeding *pro se*, Wayne H. Ford ("Plaintiff") filed suit against Eric K. Shinseki, Secretary of Veterans Affairs, on August 3, 2010 (Doc. 1). Plaintiff seeks to add the United States of America as a defendant in this matter (Doc. 16).

**I.  Screening**

Though a filing fee was paid, under 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to dismiss any case at any time if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. Fielder v. Clark, 714 F.2d 77, 78 (9th Cir. 1983) (court must dismiss action whenever it

determines that it lacks subject matter jurisdiction).  For the reasons set forth below, the Court recommends that the complaint be **DISMISSED WITH PREJUDICE**.

## II.  Legal Standards of a Complaint

General rules for complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation].  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation].  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility an

Iqbal, 129 S.Ct. at 1949.  Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the

pleading are not entitled to the same assumption of truth. Id. If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.  Plaintiff's Factual Allegations

Plaintiff alleges that the Veterans Affairs General Council ruling dated September 12, 1979, granted Aid and Attendance to disabled veterans who "lost the control of bowel and bladder." (Doc. 1 at 1) As a result, he received "disability compensation for Aid and Attendance." Id. However, a decision by the Board of Veterans Appeal on May 22, 1989, made Plaintiff unqualified for Aid and Attendance, and he stopped receiving compensation. Id.

On January 9, 2009, the decision concerning the issue of Aid and Attendance was reversed, and Plaintiff was paid retroactively for the period of time from October 1, 1988, through November 30, 2009. Id. at 2. According to Plaintiff, he "submitted a demand for interest on the money that was illegally seized from 1989 thru (sic) 2009 to the VA on April 8, 2010. The VA was given 60 days to respond before legal action would be taken to recover the lost interest on the recovered compensation." Id. To the date of Plaintiff filing the Complaint, the VA had not responded. Id. Plaintiff requests that the Court award him the interest that was demanded, totaling $284,397.00 and punitive damages in the amount of $100,000,000.00. Id.

### IV.  Veteran's Judicial Review Act

Plaintiff's claim to benefits arises under the laws administered by the Department of Veterans Affairs ("VA"). 38 U.S.C. § 301, *et seq*. "The Veterans' Judicial Review Act of 1988 provides the exclusive means for appealing benefit decisions made by the Department of Veterans Affairs." Jenkins v. Dep't of Veteran's Affairs, 2009 U.S. Dist. LEXIS 51875, at *2 (E.D. Cal. June 19, 2009). Consistently, federal courts have held that "a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000), citing Beamon v. Brown, 125 F.3d 965, 972-74 (6th Cir. 1997); Weaver v. United States, 98 F.3d 519, 520 (10th Cir. 1996); Hicks v. Small, 69 F.3d 967, 970 (9th Cir. 1995).

Notably, Plaintiff has received and continues to receive benefits from the VA. Nevertheless, generally, when a veteran is dissatisfied with the resolution of a claim, he can appeal the decision to the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). After appeal, the procedure is as follows:

> Following review by the Board of Veterans' Appeals a claimant can then appeal any adverse decision to the United States Court of Appeals for Veterans Claims. 38 U.S.C. §§ 7252 and 7261. The Court of Appeals "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," and it has authority to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. §7252(a).
>
> The Court of Appeals' decision is in turn, subject to appellate review as provided under 38 U.S.C. § 7292, 38 U.S.C. § 7252(c). Section 7292 grants to the United States Court of Appeals for the Federal Circuit the "exclusive jurisdiction to review decisions of the Court of Appeals." 38 U.S.C. § 7292(c). The Federal Circuit is vested with the "power to affirm or…to modify or reverse the decision of the Court of Appeals for Veterans Claims or to remand the matter, as appropriate." 38 U.S.C. §7292(e)(1).

Sullivan v. Dep't of Veterans Affairs, 2010 U.S. Dist. LEXIS 50773, at *4-6 (Mont. Apr. 5, 2010). Ultimately, the procedure set forth by Congress for review of veterans' benefits determinations does not include district courts. Jenkins, 2009 U.S. Dist LEXIS 51875, at *3.

Implicitly, Plaintiff's complaint demonstrates that he has not followed this procedure to raise, with the VA, his dissatisfaction with the determination to pay him retroactive benefits, but not to award the interest which he claims accrued over that term. In addition, Plaintiff's attempt to state that this claim is a violation of his rights under the Fourth and Fifth Amendment fails (See Doc. 2 at 1). "[A]n attempt to challenge the allocation of benefits under the guise of a constitutional attack is not permitted." White v. United States, 2008 U.S. Dist. LEXIS 48684, at *5 (E.D. Cal. June 23, 2008), citing Tietjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir. 1989).

**V.  Findings and Recommendations**

For the foregoing reasons, the Court lacks jurisdiction over this matter, and finds that Plaintiff fails to state a claim upon which relief may be granted in this Court. If Plaintiff should desire to pursue his claims, he should do so under the procedures outlined by the Veterans' Judicial Review Act. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to add the United States as a defendant be **DENIED**;
2. This action be **DISMISSED WITH PREJUDICE**; and
3. Because the order dismissing the Complaint concludes this case, the Clerk of the

Court is ordered to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendant may file a reply to Plaintiff's objections within 14 days thereafter.  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 9, 2010**                             **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE