UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE H. FORD,<br><br>       Plaintiff,<br><br>   v.<br><br>ERIC K. SHINSEKI, Secretary of Veterans Affairs,<br><br>       Defendant. | Case No.: 1:10-cv-01384 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S AMENDED COMPLAINT AND DISMISSING THE ACTION WITHOUT PREJUDICE |

Wayne H. Ford ("Plaintiff") is proceeding *pro se* in this action against Eric K. Shinseki, Secretary of Veterans Affairs, to recover interest on his disability compensation, which was paid retroactively. On April 12, 2012, Plaintiff filed his amended complaint. (Doc. 30). For the reasons set forth below, it is hereby recommended Plaintiff's amended complaint be **DISMISSED WITHOUT PREJUDICE**.

I.   **Factual and Procedural History**

Plaintiff alleges that the Veterans Affairs General Council ruling dated September 12, 1979, granted Aid and Attendance to disabled veterans who "lost the control of bowel and bladder." (Doc. 1 at 1). As a result, he received "disability compensation for Aid and Attendance." *Id.* However, a decision by the Board of Veterans Appeal on May 22, 1989, made Plaintiff unqualified for Aid and Attendance, and he no longer received compensation. *Id.*

1

On January 9, 2009, the decision concerning the issue of Aid and Attendance was reversed, and Plaintiff was paid retro-actively for the period of time from October 1, 1988 through November 30, 2009. (Doc. 1 at 2). According to Plaintiff, "From October 1988 thru [sic] November 2009 the Dept. of Veteran's Affairs wrongfully seized a total of $137,102.00 of [his] monthly disability compensation." (Doc. 30 at 1). Plaintiff asserts he "sent a notice of demand for interest on the wrongfully seized money to Secretary of Veterans Affairs, Mr. Shinseki," on April 8, 2010. *Id.* at 2. The VA did not respond to Plaintiff's demand for interest. *Id.* Therefore, Plaintiff initiated this action on August 3, 2010, and requests that the Court award him the interest that was demanded, totaling $284,397.00 and punitive damages in the amount of $100,000,000.00. (Doc. 30 at 2-3).

The Court screened Plaintiff's complaint and found the Court lacked jurisdiction over the matter, because the Department of Veteran's Affairs has exclusive jurisdiction over appeals of decisions regarding benefits. (Doc. 17). Therefore, the Court recommended the complaint be dismissed with prejudice for a lack of jurisdiction on November 9, 2010. *Id.* Plaintiff filed timely objections to the Findings and Recommendations on November 19, 2010. (Doc. 18). However, the Findings and Recommendations were adopted in full on December 1, 2010, and Plaintiff's complaint was dismissed with prejudice. (Doc. 20).

Plaintiff filed a notice of appeal to the Ninth Circuit on December 13, 2010. (Doc. 22). The Ninth Circuit issued an opinion on March 6, 2012, affirming in part and vacating in part the decision of the District Court, and remanding the action. (Doc. 28). The Ninth Circuit held the Court "properly dismissed Ford's action because the Board of Veteran's Appeals has exclusive jurisdiction over the VA's decision regarding the provision of veterans' benefits, even when couched as a constitutional claim." *Id.* at 2. However, the Ninth Circuit noted the complaint "should have been dismissed without prejudice." *Id.* Therefore, the matter was remanded "with instructions for the district court to enter judgment of dismissal without prejudice."

On March 30, 2012, the Court issued a minute order, providing "Plaintiff may file an Amended Complaint within 20 days of electronic service." (Doc. 29). Accordingly, Plaintiff filed his Amended Complaint on April 12, 2012. (Doc. 30).

///

## II.   Screening

Though a filing fee was paid, under 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to dismiss any case at any time if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (court must dismiss action whenever it determines that it lacks subject matter jurisdiction).

## III.   Jurisdiction over Plaintiff's Claims

Plaintiff's Amended Complaint makes no changes to the underlying facts or claims in this action. As the Court determined previously, his claim to benefits arises under the laws administered by the Department of Veterans Affairs. 38 U.S.C. § 301, *et seq*. "The Veterans' Judicial Review Act of 1988 provides the exclusive means for appealing benefit decisions made by the Department of Veterans Affairs." *Jenkins v. Dep't of Veteran's Affairs*, 2009 U.S. Dist. LEXIS 51875, at *2 (E.D. Cal. June 19, 2009). Consistently, federal courts have held that "a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (citing *Beamon v. Brown*, 125 F.3d 965, 972-74 (6th Cir. 1997)); *Weaver v. United States*, 98 F.3d 519, 520 (10th Cir. 1996); *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995).

As the Court noted in its review of Plaintiff's initial complaint, he has received benefits from the VA. Generally, where a veteran is dissatisfied with the resolution of a claim, he can appeal the decision to the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). A claimant may appeal an adverse decision of the Board of Veterans' Appeals to the United States Court of Appeals for Veterans Claims. 38 U.S.C. §§ 7252, 7261. As one district court explained,

> The Court of Appeals "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," and it has authority to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. §7252(a).
>
> The Court of Appeals' decision is in turn, subject to appellate review as provided under 38 U.S.C. § 7292, 38 U.S.C. § 7252(c). Section 7292 grants to the United States Court of Appeals for the Federal Circuit the "exclusive jurisdiction to review decisions of the Court of Appeals." 38 U.S.C. § 7292(c). The Federal Circuit is vested with the "power

to affirm or…to modify or reverse the decision of the Court of Appeals for Veterans Claims or to remand the matter, as appropriate." 38 U.S.C. §7292(e)(1).

*Sullivan v. Dep't of Veterans Affairs*, 2010 U.S. Dist. LEXIS 50773, at *4-6 (Mont. Apr. 5, 2010). Ultimately, the procedure set forth by Congress for review of veterans' benefits determinations does not include district courts. *Jenkins*, 2009 U.S. Dist. LEXIS 51875, at *3.

In his Amended Complaint, Plaintiff does not allege he followed this procedure regarding his dissatisfaction with the determination to retroactively pay his benefits without awarding the interest which would have accrued over that term. Rather, Plaintiff again attempts to state the denial of interest that would have accrued is a violation of his rights under the Fourth and Fifth Amendment (Doc. 30 at 2). However, "[A]n attempt to challenge the allocation of benefits under the guise of a constitutional attack is not permitted." *White v. United States*, 2008 U.S. Dist. LEXIS 48684, at *5 (E.D. Cal. June 23, 2008) (citing *Tietjen v. United States Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989)). Consequently, the Court lacks subject matter jurisdiction over the action.

## IV.    Findings and Recommendations

Plaintiff's Amended Complaint suffers the same deficiencies as the initial complaint. Because the deficiencies of the complaint cannot be cured by an amendment, Plaintiff should not be granted further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000). In addition, as the Ninth Circuit noted, Plaintiff fails to establish that the Court has jurisdiction over his claim "because the Board of Veterans' Appeals has exclusive jurisdiction over the VA's decision regarding the provision of veteran's benefits, even when couched as a constitutional claim." (*See* Doc. 28 at 2). Because the Court lacks subject matter jurisdiction, the action should be dismissed without prejudice. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's Amended Complaint be **DISMISSED** without leave to amend;
2. The action be **DISMISSED WITHOUT PREJUDICE**; and
3. Because the order dismissing the Complaint concludes this case, the Clerk of the Court be directed to close this matter.

///

1  These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 16, 2012**                                **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE